# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0285V
UNPUBLISHED

| | |
|---|---|
| VANESSA GAMEZ,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 12, 2023<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On February 22, 2019, Vanessa Gamez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") as a result of an influenza vaccination she received on September 7, 2017. Petition at 1; Stipulation, filed at April 11, 2023, ¶¶2, 4. Petitioner further alleges that she has suffered from the residual effects of her vaccine-related injury for more than six months. Petition at ¶12; Stipulation at ¶4. Respondent that "based on additional medical evidenced provided after" Respondent conceded this case, Respondent "now denies that Petitioner sustained a GBS Table injury; denies that the vaccine caused Petitioner's alleged injury, or any other injury; and denies that her current condition is a sequela of a vaccine-related injury." Stipulation at ¶6. Respondent further states that he "continues to maintain his contrary position, but will not seek review of the Chief Special Master's determination of entitlement." *Id.*

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on April 11, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

- **A lump sum of $182,454.56, representing $172,500.00 in actual pain and suffering and $9,954.56 for first year life care expenses, in the form of a check payable to Petitioner**. Stipulation at ¶8(a).

- **A lump sum payment of $14,339.98 in the form of a check jointly payable to Petitioner and TMHP-Medicaid, TMHP- TPL Tort Department, Attn: Tort Receivables, P.O. Box 202948, Austin, TX 78720-2948.** Stipulation at ¶8(b).

- **An amount sufficient to purchase the annuity contract described in the Paragraph 10 of the Stipulation.** Stipulation at ¶8(c).

These amounts represent all elements of compensation to which Petitioner would be entitled under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| VANESSA GAMEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 19-285V <br> Chief Special Master Corcoran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Vanessa Gamez ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on September 7, 2017.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she developed Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table, or in the alternative, that her GBS was caused-in-fact by the vaccination. Petitioner further alleges that she experienced the residual effects of the alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her alleged injury.

6. On March 18, 2020, respondent conceded that petitioner had satisfied the criteria for a GBS Table injury in his Rule 4(c) report. On March 23, 2020, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation for a vaccine-related injury. However, based on additional medical evidence provided thereafter, respondent now denies that petitioner sustained a GBS Table injury; denies that the vaccine caused petitioner's alleged injury, or any other injury; and denies that her current condition is a sequela of a vaccine-related injury. Respondent continues to maintain his contrary position, but will not seek review of the Chief Special Master's determination of entitlement upon its memorialization as a reviewable decision.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $182,454.56, which amount represents compensation for first year life care expenses ($9,954.56) and pain and suffering ($172,500.00), in the form of a check payable to petitioner; and

   b. A lump sum of $14,339.98,[1] representing reimbursement of a lien for services rendered to petitioner, in the form of a check payable jointly to petitioner and TMHP-Medicaid:

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Texas Health and Human Services Commission may have against any individual as a result of any Medicaid payments made to or on behalf of Vanessa Gamez as a result of her alleged vaccine-related injury suffered on or about September 7, 2017, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

2

TMHP - TPL Tort Department
Attn: Tort Receivables
PO Box 202948
Austin, TX78720-2948
Client ID: 525032379
TMHP Case Number: 999992535201394

Petitioner agrees to endorse this check to TMHP-Medicaid.

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that are available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.   A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b.   Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Vanessa Gamez, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following items of compensation:

   a. For future unreimbursable Blue Cross Blue Shield Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,954.56 to be paid up to the anniversary of the date of judgment in year 2028, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

3

    b. For future unreimbursable Blue Cross Blue Shield Maximum out of Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,000.00 to be paid to be paid up to the anniversary of the date of judgment in year 2028, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Vanessa Gamez, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Vanessa Gamez's death.

    11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

    12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation

Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 7, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about February 22, 2019, in the United States Court of Federal Claims as petition No. 19-285V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted.

**PETITIONER:**

*/s/ Vanessa Gamez*

VANESSA GAMEZ

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ William E. Cochran, Jr.*

WILLIAM E. COCHRAN, JR.
Black McLaren Jones Ryland & Griffee
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Tel: (901) 762-0535
Email: wcochran@blackmclaw.com

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

by Henry P. Mcmillan -S3
Digitally signed by Henry P. Mcmillan -S3
Date: 2023.03.23 16:53:49 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ James V. Lopez*

JAMES V. LOPEZ
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3655
Email: james.lopez@usdoj.gov

Dated: 4/11/23

8