# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0285V

|  |  |
|---|---|
| VANESSA GAMEZ,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 14, 2023 |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN,* for Petitioner.

*James Vincent Lopez, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On February 22, 2019, Vanessa Gamez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of an influenza vaccine she received on September 7, 2017. Petition, ECF No. 1. On April 12, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 78.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $135,353.31 (representing $110,260.80 in fees, plus $25,092.51 in costs). Petitioner's Application for Fees and Costs ("Motion") filed June 16, 2023, ECF No. 83. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 83-3.

Respondent reacted to the motion on June 20, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 84. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Because Petitioner succeeded in this matter, her entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* Here, the magnitude of the fees sought is facially high, especially compared to SPU cases generally. The specific circumstances of this case, and the severe nature of the injury at issue, may explain this discrepancy to some extent. And the total amount received by Petitioner was significant as well – this is not a matter in which there is a disparity between the claimant's award and fees to be paid. Nevertheless, the sum is large, and counsel should take care in future SPU cases to avoid incurring fees of this size.

Petitioner requests the following hourly rates for attorneys performing work in this matter:

|  | **2018** | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|---|
| Michael McLaren | X | $464 | $484 | $484 | $501 | X |
| William Cochran | $377 | $391 | $405 | $420 | $435 | $457 |
| Chris J. Webb | X | X | $351 | X | $395 | $415 |
| Paralegals | X | $156 | $160 | $161 | $167 | $175 |

The hourly rates requested for Mr. McLaren through the end of 2023 are reasonable and consistent with prior determinations and will therefore be adopted herein. The hourly rates requested for Mr. Cochran, Mr. Webb, and paralegals between 2019-22 are also consistent with prior determinations and will be adopted. And all travel time was properly billed at one-half of the attorney's usual hourly rate. *Hocraffer* v. *Sec'y of Health & Hum. Servs*., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011).

However, the requested rates for Mr. Cochran, Mr. Webb, and paralegals for time billed in 2023 require adjustment. For this year, Mr. Cochran was previously awarded the *lesser* rate of $450 per hour, Mr. Webb $410, and paralegals $172. See *Gibson* v. *Sec'y of Health & Hum. Servs*., No. 20-0243V (Fed. Cl. Spec. Mstr. May 8, 2023); and *Leonard* v. *Sec'y of Health & Hum. Servs*., No. 19-0714 (Fed. Cl. Spec. Mstr. June 8, 2023). I find no reason to deviate from such reasoned determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in subsequent cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl.

Spec. Mstr. Jan. 9, 2023). Accordingly, I will reduce the 2023 rates to be consistent with prior determinations. This results in a reduction of **$224.30**.[3]

## ATTORNEY COSTS

Petitioner requests $24,540.84 in overall costs. ECF No. 83-2. This sum includes the cost of obtaining medical records, shipping costs, expert fees, and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, with the exception of $189.50 in costs that were not substantiated with an independent bill or invoice, or where the specific cost appears to have been requested twice.[4] See ECF No. 83-2. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). This amount will not be awarded, reducing the total amount of litigation costs to be recovered by **$189.50.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$134,939.51 (representing $110,036.50 in attorney's fees and $24,903.01 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, William E. Cochran, Jr.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount consists of ($457 - $450 = $7 x 25.20 hrs.) + ($415 - $410 = $5 x 1.30 hrs.) + (175 - 172 = $3 x 13.80 hrs.) = $224.30

[4] Examples of the unsubstantiated costs include: 12/5/18 (two entries): "Medical Records – Clinica Santa Maria," (only one receipt was submitted for these two entries. Thus, I am only awarding costs for one of these entries); 6/5/19: "Medical Records – City of Brownsville EMS/Coll," and 6/26/19: "Medical Records – City of Brownsville EMS/Coll. *See* ECF No. 83-2.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.